IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Anthony D. Martin, | ) | C/A No.: 1:17-852-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Kenneth Downing, Captain; Mickey Boland, Lt.; M.D. Scott Alkia; and John Doe, | ) | |
| Defendants. | ) | |

Anthony D. Martin ("Plaintiff"), proceeding pro se, is an inmate incarcerated at Greenwood County Detention Center. He filed this complaint pursuant to 42 U.S.C. § 1983 against Kenneth Downing, Mickey Boland, and Scott Alkia, alleging a violation of his constitutional rights. [ECF No. 1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

In the Facts portion of his complaint, Plaintiff states:

On February 13, 2017, the Plaintiff was detained at Greenwood County Jail House on B Side Room 103. As a result from Rom 222 on top of Room 103. Due to Room 222 being flooded out, it caused a bad water leak in Room 103, from craks in the ceiling. As a result I was coming to my room,

> due to the water leak I fell in my room, causing me neck, back, and shoulder injury's. I was transported to the local hospital and treated for injury's.

[ECF No. 1 at 2] (errors in original). Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id.* at 3–4.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to

state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). To demonstrate that the conditions deprived him of a basic human need, Plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as adequate food, clothing, shelter, and medical care, and reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). With regard to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 847.

Plaintiff fails to allege that defendants had knowledge of the leak or the substantial risk of serious harm the leak may cause Plaintiff. At most, Plaintiff's allegations related to his injury from a slip and fall shows defendants may have been negligent. However, the law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1998); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (noting that

3

*Daniels* bars an action under § 1983 for negligent conduct). Accordingly, Plaintiff's complaint is subject to summary dismissal.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 10, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).