# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Martin,<br><br>    Plaintiff,<br><br>v.<br><br>Kenneth Downing, Captain; Mickey Boland, Lt.; M.D. Scott Alkia; and John Doe,<br><br>    Defendants. | Case No 1:17-cv-852-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge recommending that the Court dismiss this case without prejudice and without issuance of service of process. (Dkt. No. 12.) For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Plaintiff's complaint is dismissed without prejudice and without issuance of service of process.

## I. Background

On February 13, 2017, Plaintiff slipped on water that had leaked into his cell from the cell above him and injured his neck, back, and shoulder. Plaintiff was transported to a local hospital for treatment. Plaintiff, who is proceeding *pro se*, filed this action against Defendants seeking monetary damages and declaratory and injunctive relief in connection with this accident. (Dkt. No. 12 at 1-2.)

## II. Legal Standard

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v.*

*Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

The Magistrate Judge determined that Plaintiff has, at most, stated a claim for negligence that is not actionable under 42 U.S.C. § 1983. (Dkt. No. 12 at 3.) Plaintiff has not objected to the Magistrate's R. & R. This Court finds that the Magistrate has correctly applied the controlling law to the facts of this case. Plaintiff has not alleged facts sufficient to state a claim for unconstitutional conditions of confinement under 42 U.S.C. § 1983.

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 12) as the order of the Court. Plaintiff's complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 31, 2017
Charleston, South Carolina